**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4481**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EFRAIN LOPEZ-PEREZ, a/k/a Hector Terronez-Gomez,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.   (5:12-cr-00363-D-1)

Submitted:  January 28, 2014         Decided:  February 21, 2014

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Efrain Lopez-Perez[*] appeals the thirty-seven-month sentence imposed by the district court. Lopez-Perez pled guilty to illegal re-entry after removal as an aggravated felon, in violation of 18 U.S.C. § 1326(a), (b)(2) (2012). On appeal, Lopez-Perez argues that his sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). If there is no significant procedural error, we examine the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within or below the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Yooho Weon, 772 F.3d 583, 590 (4th Cir. 2013).

After a thorough review of the record, we conclude that the district court considered all of Lopez-Perez's arguments and weighed them in light of the 18 U.S.C. § 3553(a) (2012) factors. The district court concluded that Lopez-Perez's long criminal history and repeated attempts to re-enter the United States showed a lack of respect for the law and a

---

[*] The parties recognize that Lopez-Perez's true name is Hector Terronez-Gomez.

2

likelihood that Lopez-Perez would seek to enter the United States again, warranting a sentence at the high-end of the advisory Guidelines range. We conclude that Lopez-Perez has not presented sufficient grounds to disregard the presumption of reasonableness that attaches to the district court's within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED